**BRAZOSPORT BANK OF TEXAS, Appellant,**

v.

**C. W. ROBERTSON, et ux., Appellees.**

**No. B2595.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 22, 1981.

Frank L. Mauro, Craig W. Hathway, Wommack & Denman, Lake Jackson, for appellant.

James W. Bradford, Jr., Angleton, for appellees.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

Brazosport Bank of Texas ("appellant" or "Bank") appeals from a take nothing judgment granted in favor of C. W. Robertson, whom the bank had sued on a promissory note. We affirm.

In 1976, Margaret Robertson, who at that time was C. W. Robertson's wife, sought to buy a 1975 Lincoln Mark IV automobile. Mr. Robertson was opposed to his wife's purchase of the car, but she proceeded despite his objections. Mr. and Mrs. Robertson went to Brazosport Bank of Texas on February 18, 1976 and Mrs. Robertson signed a promissory note to Brazosport Bank of Texas' order in the amount of $12,244.32. The proceeds of the note were used to purchase the 1975 Lincoln, and Brazosport Bank was given a security interest covering the car. Mr. Robertson did not sign the note.

C. W. and Margaret Robertson were divorced on May 9, 1979, and the note held by Brazosport Bank became delinquent on August 2, 1979. In February, 1980 the bank brought suit against C. W. and Margaret Robertson to recover the deficiency allegedly due and owing after the Lincoln had been repossessed and sold and the proceeds of $2,500.00 applied to the amount owed on the note. A default judgment was taken against Mrs. Robertson (who is now remarried and is Margaret Tichacek) who did not appear at the time of trial, and upon motion, the Bank's cause of action against C. W. Robertson was severed.

On April 25, 1980 Brazosport Bank's cause of action against C. W. Robertson was heard by the court and the result of this

hearing was a take nothing judgment against Mr. Robertson. Brazosport Bank of Texas appeals, urging six points of error.

■ In its first and second points of error Brazosport Bank argues that because the trial court, in its first conclusion of law ruled "the note was executed while the defendants were married and, therefore, is a community debt", the court's take nothing judgment was erroneous as a matter of law if Mr. Robertson received any community assets as a result of the divorce.

We hold the result urged by Brazosport Bank is not brought about by the trial court's first conclusion of law. The trial court made the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On February 15, 1979 [*sic*], Defendant MARGARET ROBERTSON executed a promissory note to Plaintiff in the amount of Twelve Thousand Two Hundred Forty Four and 32/100 Dollars ($12,244.32).

2. The Defendant C. W. ROBERTSON did not execute the note, did not participate in the application for the Note, approve, or in any way accede to the promissory note signed by MARGARET ROBERTSON.

3. That the proceeds of said Note described in paragraph "1" above were used by MARGARET ROBERTSON, for the purchase of one 1975 Lincoln Mark IV automobile.

4. That the 1975 Lincoln Mark IV automobile was placed only in the name of MARGARET ROBERTSON, and the address given as owner of said vehicle was the business address of MARGARET ROBERTSON.

5. That MARGARET ROBERTSON used the 1975 Lincoln Mark IV automobile in her business.

6. C. W. ROBERTSON told an officer of the bank, prior to the execution of the Note made the basis of this suit, that he "didn't want any part of it" and he refused to sign the note.

7. That BRAZOSPORT BANK OF TEXAS, by their action and conduct, agreed to look only to the separate properties of MARGARET ROBERTSON for the payment of the debt described in Paragraph "1" above.

8. C. W. ROBERTSON and MARGARET ROBERTSON were married at the time of the execution of the Note by the said MARGARET ROBERTSON, but they were separated from each other and said separation continued until they were divorced May 9, 1979.

9. That MARGARET ROBERTSON and C. W. ROBERTSON were divorced on May 9, 1979.

10. That MARGARET ROBERTSON received in the Divorce Decree one 1975 Lincoln Mark IV automobile with title in the name of Petitioner and with Petitioner paying off and satisfying out of her separate property and estate any and all lien indebtedness owing or existing against said vehicle; that the indebtedness mentioned herein is one and the same as sued upon by BRAZOSPORT BANK OF TEXAS and described as a promissory note dated February 15, 1979 [*sic*] in the original amount of $12,200.42 [*sic*].

11. The Note described in Paragraph "1" above became delinquent on August 2, 1979.

12. On June 20, 1980, the amount owed on the promissory note in question was Two Thousand Five Hundred Eighty-Two and 02/100 Dollars ($2,582.02).

13. C. W. ROBERTSON and MARGARET ROBERTSON were sued jointly in Cause No. 9282 in the County Court at Law No. Two, Brazoria County, Texas.

### CONCLUSIONS OF LAW

1. The Note was executed while the Defendants were married and, therefore, is a community debt.

2. Because BRAZOSPORT BANK OF TEXAS was not a party to the divorce of C. W. ROBERTSON and MARGARET ROBERTSON, the Decree of Divorce between them can have no effect on BRAZOSPORT BANK OF TEXAS.

3. The promissory note executed by MARGARET ROBERTSON during marriage is a community debt unless there is an agreement on the part of the BRAZOSPORT BANK OF TEXAS that it will look only to the separate party of MARGARET ROBERTSON for collection of its debt.

It is clear, taking the findings of fact and conclusions of law as a whole, the trial court did not intend the result urged by appellant. Conclusion of law three, when read with finding of fact seven, clearly specifies the intended result: the promissory note executed by Margaret Robertson is her separate debt because Brazosport Bank, by their action and conduct, agreed to look only to her for satisfaction of the debt owed to it.

Points of error one and two are overruled.

■ In point of error three appellant complains the trial court erred in rendering a take nothing judgment because C. W. Robertson did not plead the promissory note in question was the separate debt of Margaret Robertson. C. W. Robertson filed only a general denial to the petition filed by Brazosport Bank. C. W. Robertson presented evidence at trial as to the Bank's actions in looking to the separate property of Margaret Robertson for repayment of the promissory note. The Bank made no objection to this evidence, and thus we hold the issue was tried with consent and should be treated in all respects as if C. W. Robertson had raised the issue in his pleadings. Tex.R. Civ.P. 67.

Point of error three is overruled.

Appellant's points of error four through six complain C. W. Robertson did not meet his burden of proof, and there was no evidence, or there was insufficient evidence regarding the trial court's finding of fact seven that there was an agreement the Bank would look solely to the separate properties of Margaret Robertson for the repayment of the promissory note in question.

■ It is well established in Texas that debts contracted during marriage are presumed to be on the credit of the community and are joint community obligations unless it is shown the creditor agreed to look solely to the separate estate of the contracting spouse for satisfaction. *Cockerham v. Cockerham*, 527 S.W.2d 162, 171 (Tex.1975); *Broussard v. Tian*, 156 Tex. 371, 295 S.W.2d 405, 406 (1956).

■ The Bank argues C. W. Robertson did not prove the Bank agreed to look solely to the separate party of Margaret Robertson for repayment of the note. Our holding is to the contrary.

In the instant case there was evidence the bank asked C. W. Robertson to sign the note in question and he flatly refused to do so. Further, there was evidence Mr. Robertson informed the Bank he "wanted no part" of the purchase of the Lincoln or the note financing it. The record reflects Margaret Robertson argued with Mr. Robertson and kept telling him she was working and she would make the car payments. Still Mr. Robertson refused to sign the note. Additionally, there was testimony Mrs. Robertson had a "substantial income" at the time she signed the note and the Bank had knowledge of this. It was also shown the Bank listed Mrs. Robertson's business address as the address on the note. Further, the title to the car was placed in Mrs. Robertson's name alone.

We hold the Bank, by loaning the money to Mrs. Robertson despite Mr. Robertson's objections and his refusal to sign, in effect agreed with Mrs. Robertson to look to her alone for satisfaction of the note.

We are mindful of the Texas Supreme Court decision in *Broussard v. Tian*, 156 Tex. 371, 295 S.W.2d 405 (1956) where the Court set forth criteria for determining the nature of a debt entered into during mar-

riage. We do not read *Broussard* as saying a debt entered into by one spouse during marriage is community in nature, even though the creditor is aware of strenuous objections from the other spouse and of that spouse's refusal to obligate himself on the debt. In our view *Broussard* does not prevent us from holding a creditor, by its action and conduct under these circumstances has agreed with the borrowing spouse to look only to that spouse's separate properties to satisfy the debt. Admittedly, the *Broussard* court was not faced with the situation we are here faced with; that is, a spouse specifically notifying the creditor beforehand of his objection and refusal to sign on the indebtedness. In this respect the cases are distinguishable, and we feel this factual difference is adequate support for the different result reached by us today.

We hold the evidence was sufficient to establish the Bank agreed to look solely to Margaret Robertson to satisfy the note in question, and therefore points of error four through six are overruled.

Judgment affirmed.